IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LYNNE A. CARNEGIE On Behalf of Herself )
and All Others Similarly Situated, )
)
Plaintiffs, )
)
vs. ) No. 98 C 2178
)
HOUSEHOLD INTERNATIONAL, INC., )
HOUSEHOLD BANK, f.s.b. successor )
in interest to BENEFICIAL NATIONAL )
BANK, HOUSEHOLD TAX MASTERS, INC., )
formerly known as BENEFICIAL TAX )
MASTERS, INC., BENEFICIAL FRANCHISE )
COMPANY, INC., H&R BLOCK, INC., H&R )
BLOCK SERVICES, INC., H&R BLOCK )
EASTERN TAX SERVICES, INC., BLOCK )
FINANCIAL CORP. and HRB ROYALTY, INC., )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

The parties to this action have filed various motions following my orders of January 23 and January 30, 2006. On January 23, I granted in part defendants' motion for summary judgment on the RICO claims, denied plaintiffs' cross motion for partial summary judgment and made certain other rulings. Following that ruling, plaintiffs argued, for the first time, that a ten year statute of limitations is applicable to the contract claims in this action. Defendants responded and on January 30, 2006, I held that the three year Delaware statute of limitations governs the construction of plaintiffs' contract claim. I again held that

individual plaintiff Carnegie's breach of contract claim is not barred as a matter of law.

Plaintiffs now argue that all persons who received RALs from January 1, 1992 through the end of the class period should be included in the contract class. They base this argument on my conclusion that Ms. Carnegie may be entitled to tolling under Delaware law. That law permits tolling of the statute of limitations in contract actions where the cause of action "is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act." *E.g., Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004) (reversing dismissal of complaint and holding that the statute of limitations begins to run "only 'upon the discovery of facts "constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery" of such facts.'") Theoretically, plaintiffs might be partially correct, although it is unclear how they arrived at the January 1, 1992 date. Plaintiffs argue that the earliest that the named plaintiff, Ms. Carnegie, obtained facts that could put her on sufficient notice that the statute of limitations would begin running was November, 1996. It is unclear from their motion whether plaintiffs are saying that is the earliest date upon which any of the millions of class members could have obtained sufficient facts to put them on

2

inquiry notice of their claim. If that were the case, it is possible that anyone receiving an RAL prior to November, 1993 could be within the limitations period. But plaintiffs have not actually specified the basis for this claim, and I do not know whether the facts as they perceive them could establish class-wide tolling. It is clear that consideration of this argument would require further briefing and would delay class notice, which is set to be sent in a few days, and trial, which has been reset to May 15 to accommodate time for notice to the class. This case is too old to be delayed any longer.[1] In addition, if a fact finder were required to determine tolling on an individual basis, the burden would be too great in this class action. Accordingly, the lower end of the class period for the contract claims will remain April 8, 1995.

The Beneficial defendants have moved for reconsideration of my denial of defendants' motion for summary judgment on certain class RICO claims. Defendants sought summary judgment on all claims under RICO that matured prior to July 11, 1996. I agreed that claims that accrued prior to April 8, 1994 were barred by the applicable four year statute of limitations. The defendants'

---

[1] Plaintiffs have not sought class-wide tolling before this time. Notably, in response to defendants' motion for summary judgment, plaintiffs argued only that Ms. Carnegie's claim, with individual tolling, fell within the Delaware three year statute of limitations and that since this case had been brought in 1998, her claim was timely.

argument that claims arising between April 8, 1994 and July 11, 1996 are barred is based on the fact that such claims were encompassed within the plaintiff class in *Buford v. H&R Block, Inc.*, 168 F.R.D. 340 (S.D. Ga. 1996). Defendants argue that these class members received tolling benefits in *Buford*, in that the statute of limitations on their claims was tolled until the district court in that case rejected class certification, and that therefore the statute began running again as soon as *Buford* was decided. Defendants rely on numerous cases following the rule announced in *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974), that say plaintiffs may not "stretch out limitations periods by bringing successive class actions." *Basch v. Ground Round, Inc.*, 139 F.3d 6, 11 (1st Cir. 1998). Defendants, however, neglect to address the Seventh Circuit's opinion in this case discussing *Buford*, *Carnegie v. Household Intern., Inc.*, 376 F.3d 656, 662-63 (7th Cir. 2004), or my earlier opinion on the same subject. 230 F.R.D. 542 (N.D. Ill. 2004). None of these claims would be time-barred except for *Buford*, as they accrued within four years of the filing of this case on April 8, 1998. (While defendants note that I have dismissed numerous claims in this case based on the statute of limitations, none were dismissed on this basis.) The point of my prior analysis, and of the Seventh Circuit's reasoning, was that the defendants could not reap the benefits of a class that included RICO claims when they knew about

4

*Buford*, and then when it was no longer to their advantage to include these claims in this case, suddenly to switch positions on the applicability of *Buford*. 376 F.3d at 663. This case is unique: The Block defendants had been dismissed at the time Beneficial and Block decided to enter into a settlement agreement in this case. A Block attorney helped draft the amended complaint that put Block, and the RICO claims against Block, back into the case. Defendants then sought and obtained injunctive relief against plaintiffs in other cases over a period of years based on the settlement, which was ultimately found to be unfair. All I have held is that because of their prior conduct in this litigation, defendants are estopped from claiming that class claims are barred (either because of collateral estoppel or the statute of limitations) because those claims were included in *Buford*. It would make no sense to say that those claims are not barred by collateral estoppel but are barred by the statute of limitations. In either case, defendants chose not to rely on the benefits they could have obtained from the existence of *Buford*, when they deemed it to their advantage to include those class members in the class in this case. They cannot change course now.

Plaintiffs' amended motion to approve modified notice is granted insofar as it changes the trial date to May 15, 2006. It is denied to the extent it seeks a change in the class period. The notice shall be disseminated promptly.

**ENTER ORDER:**

_/s/ Elaine Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: February 22, 2006